532

PEDRO GERMÁN ARROYO PRATTS, known as PEDRO PRATTS, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, PEDRO SANTOS BORGES, JUDGE, Respondent; CHAMBER OF WHOLESALE DEALERS, Intervener.

No. C-65-59.     Decided May 24, 1966.

*Enrique Báez García* and *Víctor E. Báez* for petitioner. *Rodríguez Ema & Rodríguez Ramón, Rodolfo Sequeira,* and *Nicolás Jiménez* for intervener.

First Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Hernández Matos, Mr. Justice Rigau, and Mr. Justice Dávila.

PER CURIAM: The Commonwealth condemned a lot of 250 square meters which was recorded in the name of the Insular Chamber of Commerce. (The Chamber had acquired the lot by adjudication at a public sale in execution of the judgment which it obtained against Eusebio Rosado.) It deposited as its fair value the sum of $6,500. The property was encumbered by two mortgages to secure two notes to bearer for $2,000 each.

The Chamber of Commerce moved for payment of the money deposited by the Commonwealth. This motion was set for March 12, 1965. Since the lien which encumbered the

property appeared from the record, the judge ordered that Eusebio Rosado, the former owner, be summoned. The hearing was set for the 19th. Rosado informed that he had subscribed the notes and that they belonged to Pedro Pratts to whom he owed two years' interest. At the close of the hearing the judge said to Rosado, "Please tell Pratts to come and collect that money."

On March 25 Pratts subscribed an affidavit setting forth that he had in his possession two notes for $2,000 each, subscribed by Eusebio Rosado, and $640 interest was owing to him, and that he authorized the bearer of the signed document to receive the amount of the notes and interest thereon.

On March 31 Pratts was served with notice of an order entered by the court, which reads as follows:

"A hearing is set for April 23, 1965, at 2 p.m., to hear the parties on the withdrawal of the funds in above-entitled case.

"Should it be necessary to hear evidence on this incident, the parties must come prepared to that end."

Eusebio Rosado and Pratts appeared on April 23. The judge announced that a hearing will be held "in order to determine how much and to whom the funds deposited in this case, which amount to $6,000, will be delivered, since there are two notes for $2,000 each and it was said at a previous hearing that the holder thereof was Pedro Pratts. Are the parties ready?"

The attorney for the Chamber announced that he was ready, and the judge called Pedro Pratts to testify. The latter said to the court, "I am going to request an opportunity in order that my attorney, Mr. Báez García, who was the one who sent the letter, of which he has a copy, may represent me. I came here today simply to get the money because I was told to call for it, not to hear evidence."

The judge continued to question him on the transaction with Eusebio Rosado, and also examined the latter. He then entered an order concluding that "the notes in question have

534

belonged at all times, since they were issued, to the former owner of the property, wherefore neither he nor the said Arroyo Pratts has any right or interest in the funds on deposit in this case." We decided to review the order.

From the facts recited above it appears that Pratts did not have a proper opportunity to assert his right to be delivered the amount of the notes object of the controversy. It is clear that the judge, at the close of the hearing of May 19, said to the former owner of the property to tell Pratts "to come to collect that money." The terms of the order setting a hearing for April 23 read, "should it be necessary to hear evidence on this incident, the parties must come prepared to that end." Pratts should have been given an opportunity to be represented by his attorney and to bring his evidence, if he had any, in order to establish that he was the owner of the notes which encumber the property taken.

Justice is best served if we set aside the order appealed from and remand the case for a new hearing on this incident before another magistrate.